IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN BRANDEWIE<br><br>Plaintiff,<br><br><br>STATE OF DELAWARE<br>DEPARTMENT OF CORRECTION<br><br>Defendant. | )<br>)<br>)<br>)<br>) C.A. No.:<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |

## COMPLAINT

1. This action arises to remedy discrimination on the basis of sex and race in the terms, conditions, and privileges of employment and to remedy retaliation against an employee for activity protected under provisions of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1331, 1337, 1343, and 42 U.S.C. § 2000(e)-5 (f)(3).

3. Venue lies in this judicial district since all acts alleged herein occurred within the District of Delaware.

## PARTIES

4. Plaintiff, Karen Brandewie, is a 41 year-old white female citizen of the United States and currently resides at 6 Gordy Street in Georgetown, Sussex County, Delaware.

5. Defendant, State of Delaware Department of Correction (hereinafter "DOC"), is a Department of the State of Delaware established to provide for the treatment, rehabilitation and restoration of offenders as useful, law-abiding citizens within the community. Pursuant to 11 Del. C. § 6506, the Department hires Correctional Officers.

6. At all times relevant hereto, Defendant, Department of Correction, has

been an employer as defined in § 701(b)(g)(h) of the Civil Rights Act, 42 U.S.C. § 2000(b)(g)(h), in that Defendant's operations effect commerce and Defendant has employed at least fifteen (15) persons.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff began her employment with the Department of Correction (DOC) as a Correctional Officer on or around November 30, 2000.

8. Plaintiff worked at the Delaware Correctional Center in Smyrna, Delaware from January 29, 2001 until November 27, 2002. On November 27, 2002, Plaintiff worked at the Sussex Correctional Institute located in Georgetown, Delaware.

9. Since her employment with the DOC the Plaintiff has been a diligent, loyal, and able employee receiving positive reviews from her supervisors.

10. The following actions do not purport to be a complete recitation of all of the racially and sexually offensive statements and other behavior, in which the agents of the DOC engaged, but are illustrative of their behavior.

11. The actions of the DOC undermined the Plaintiff's authority as a Correctional Officer and potentially threatened her safety and security.

12. Beginning in January 2003 until February 5, 2003, another correctional officer Lenny Whitman propositioned the plaintiff numerous times for sex. Specifically, he asked if she would have sex with him in the watchtower at the institution.

13. Officer Whitman informed the Plaintiff that "everyone does it" and no one would find out.

14. When the Plaintiff refused, Officer Whitman than asked Plaintiff "why she wouldn't bite the bait?".

15. The Plaintiff rejected Officer Whitman's sexual advances informing him