it on desks, and informed others including inmates that the pictures were of the Plaintiff.

37. Internal affairs suggested to Warden Kearney that two memos be sent out, (1) ordering that the rumors stop and (2) Clarifying that the pictures were not of Karen Brandewie.

38. However, the Internal Affairs Investigation never attempted to find out who was viewing the website.

39. In August 2003, upon returning from the hospital with her daughter, the Plaintiff was confronted by another correctional officer who informed her that he heard she was impregnated by a black man and recently had an abortion.

40. To this date, no officer including Officer Whitman has been reprimanded or terminated for these actions.

41. On September 20, 2004 the Plaintiff was transferred to Morris Correction Center in Dover, Delaware.

42. As of May 13, 2005, the Plaintiff has been continuously harassed by inmates concerning the pornographic website.

43. Just recently, the Plaintiff was informed that their were other rumors she was having affairs with fellow correctional officers.

44. Despite its actual or constructive knowledge of the unwelcome sexual and racial harassment of plaintiff, defendant DOC took no actions to stop the inappropriate behavior, to discipline anyone, or otherwise to protect plaintiff from such unwanted conduct during her employment by the defendant DOC. The DOC's actual or constructive knowledge of its agents' conduct towards plaintiff and its failure to take action against such conduct amounted to a condonation or ratification of such acts.

45. By its actions and failures to act, defendant DOC failed to take prompt,

remedial action to eliminate the sexual and racial harassment of plaintiff by its agents.

## DEPARTMENT OF LABOR AND EEOC PROCEEDINGS

46. On or about January 6, 2004, Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor ("DOL") and the Equal Employment Opportunity Commission ("EEOC") against the State of Delaware Department of Correction alleging continuing sexual harassment and retaliation.

47. On or about January 26, 2005, the Delaware Department of Labor issued a Final Determination and Notice of Right to Sue Letter.

48. The Department of Labor determined that there was reasonable cause to believe that an unlawful employment practice occurred. The DOL noted that Plaintiff was subjected to a sexually hostile work environment, the DOC's current policy against sexual harassment is inadequate, and the DOC's investigation of the matter was untimely and inappropriate. Plaintiff's Counsel received a copy of the Notice of Right to Sue Letter on February 1, 2005.

49. Plaintiff received the Notice of Right to Sue Letter on or about the same date.

50. A true and correct copy of the Notice of Right to Sue Letter is attached to the original Complaint as Exhibit "B".

51. On July 29, 2005, the EEOC adapted the finding of the Department of Labor.

52. The EEOC determined that the evidence establishes a violation of Title VII.

53. A true and correct copy of the EEOC Determination Letter is attached to the original Complaint as Exhibit "C".