IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREN BRANDEWIE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No. 05-625-GMS |
| | : | |
| STATE OF DELAWARE | : | |
| DEPARTMENT OF CORRECTION, | : | |
| | : | |
| Defendant. | : | |

## **A N S W E R**

Defendant, State of Delaware, Department of Correction [hereafter "DOC"], answers the complaint as follows:

1. This is a legal contention for which no response is required.

2. This is a legal contention for which no response is required.

3. This is a legal contention for which no response is required.

4. Admitted.

5. Admitted.

6. This is a legal contention for which no response is required.

7. Admitted.

8. Admitted.

9. Denied as stated. In plaintiff's Performance Review of March 1, 2003, she was rated as "Meets Expectations" with favorable comments.

10. Objection, plaintiff is required to set out all her claims so that defendant will have notice of the same.

11. It is denied that the DOC engaged in any wrongful conduct. To the contrary, the Defendant took prompt action stop any offensive conduct.

12. Defendant is without sufficient information to admit or deny this assertion.

13. Defendant is without sufficient information to admit or deny this assertion.

14. Defendant is without sufficient information to admit or deny this assertion.

15. Defendant is without sufficient information to admit or deny this assertion.

16. Denied that the attached e-mail reads as set out in this paragraph.

17. Admitted that quoted portion is correctly quoting a portion of Exhibit A to the complaint.

18. Denied.

19. Defendant is without sufficient information to admit or deny this assertion.

20. Defendant is without sufficient information to admit or deny this assertion.

21. Defendant is without sufficient information to admit or deny this assertion.

22. Defendant is without sufficient information to admit or deny this assertion.

23. Defendant is without sufficient information to admit or deny this assertion.

24. Defendant is without sufficient information to admit or deny this assertion.

25. Defendant is without sufficient information to admit or deny this assertion.

26. Defendant is without sufficient information to admit or deny this assertion.

27. Denied. Plaintiff forwarded the e-mail from Whitmen to Deputy Warden Deloy in May 2003, and requested that the matter be handled informally and that Whitman not be discipline. In fact, plaintiff later asked that the matter be dropped, but Deputy Warden Deloy had Whitman's supervisor intervene by reminding the CO of proper conduct.

28. Admitted. By way of further answer, Warden Kearney received plaintiff's complaining e-mail on November 3, 2003, and meet with her November 6, 2003, and informed her of his intention to have IA investigate the matter, to contact the MIS to identify the source of the rumors and those propagating the rumors.

29. Denied.

30. Defendant is without sufficient information to admit or deny this assertion.

31. Defendant is without sufficient information to admit or deny this assertion.

32. Denied.

33. Defendant is without sufficient information to admit or deny this assertion.

34. Defendant is without sufficient information to admit or deny this assertion.

35. Defendant is without sufficient information to admit or deny this assertion.

36. Defendant is without sufficient information to admit or deny this assertion.

37. Denied.

38. Denied.

39. Defendant is without sufficient information to admit or deny this assertion.

40. Admitted. By way of further answer, plaintiff specially requested that Deputy Warden Deloy proceed informally with the CO and that no discipline be imposed. Plaintiff later requested to have the matter dropped completely.

41. Admitted that plaintiff was transferred to Morris Correctional Center at her own request.

42. Defendant is without sufficient information to admit or deny this assertion.

43. Defendant is without sufficient information to admit or deny this assertion.

44. Denied.

45. Denied.

46. Admitted.

47. Admitted.

48. Denied as stated. The notice speaks for itself.

49. Defendant is without sufficient information to admit or deny this assertion.

50. Exhibit B speaks for itself as a document from the Delaware Department of Labor.

51. This is a legal contention for which no response is required.

52. This is a legal contention for which no response is required.

53. Exhibit C appears to be letter from the Regional EEOC office.

54. This an incorporation paragraph for which no response is required.

55. Denied.

56. Denied.

57. This an incorporation paragraph for which no response is required.

58. Denied.

59. Denied.

60. This an incorporation paragraph for which no response is required.

61. Denied.

62. Denied.

## First Defense

63. The complaint fails to state a legal claim for which relief can be granted.

## Second Defense

64. The plaintiff has failed to properly exhaust her administrative remedies as required by law.

## Third Defense

65. The defendant took prompt remedial action upon learning of plaintiff's concerns and transferred her to locations of her choice away from SCI.

## Fourth Defense

66. The matter is in whole, or in part, time barred under the appropriate statute of limitation, or repose or by some administrative time requirement.

## Fifth Defense

67. The matter is barred by the Eleventh Amendment to the U.S. Constitution.

## Sixth Defense

68. The district court lacks jurisdiction under Art. III, § 2, clause 2.

- 7 -

WHEREFORE, the defendant asks for judgment in its favor for all that is just and proper, including dismissal of the action and assessment of costs against the plaintiff.

**STATE OF DELAWARE**
**Department of Justice**

/s/ Marc P. Niedzielski
Marc P. Niedzielski (# 2616)
Ralph K. Durstein, III (#912)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)  577-8324
marc.niedzielski@state.de.us

DATED:  September 19, 2005