# EXHIBIT Y



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

EEOC Charge Number: 17C-2004-00209

Karen Atwell
6 Gordy Street
Georgetown, DE 19947



        Charging Party

v.

State of Delaware
Department of Corrections
245 McKee Road
Dover, DE 19904

        Respondent

## DETERMINATION

Under the authority vested in me by the Procedural Regulations of the Equal Employment Opportunity Commission (EEOC), I issue on behalf of the EEOC the following determination as to the merits of the subject charge, filed under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). The timeliness and all requirements for coverage have been met. The EEOC adopts the findings of the Delaware Department of Labor issued on December 31, 2004.

Charging Party alleged that she was discriminated against because of her sex, female, and due to her alleged association with Black males, by being continuously subjected to a sexually hostile work environment by the Respondent.

Respondent denies the allegations and contends that it took immediate and proper action as soon as it became aware of Charging Party's allegations of a sexually hostile work environment.

The original investigation conducted by the Delaware Department of Labor resulted in a probable cause finding based on Respondent's own submissions that Charging Party was subjected to a sexually hostile work environment by her co-workers which spread over into the inmate population. The investigation also revealed that Respondent's Sexual Harassment Policy/Practice was ineffective in that it did not have preventative measures in place to ensure a work place free from sexual harassment or provisions to detect the prevalent sexually hostile work atmosphere articulated in the allegations brought forth in this charge of discrimination.

Based on my analysis of the available evidence, I have determined that the evidence establishes a violation of Title VII, as alleged. Upon finding that there is reason to believe that violations have occurred, the

Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this finding, any reasonable offer to resolve this matter will be considered. The Commission is seeking an amount inclusive of the applicable cap to your organization (up to and including $300,000) for compensatory and punitive damages; and actual monetary losses and costs incurred by the Charging Party.

A Commission representative will prepare a monetary demand to include actual, compensatory and punitive damages for Charging Party; and, if appropriate, attorney fees and costs which have accrued to date. Again, the Commission is postured to consider any reasonable offer during this period. If an offer has not previously been submitted, Respondent is requested to accept, reject, or submit a counteroffer to the conciliation proposal which will be forthcoming on behalf of Charging Party. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

_7/29/05_
Date

On behalf of the Commission,

_Marie M. Tomasso_
Marie M. Tomasso
District Director

cc: Tasha M. Stevens, Esq. (For Charging Party)
    FUGUA & YORI