IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREN BRANDEWIE, | : | |
| | : | |
| Plaintiff, | : | C.A. No.: 05-625-MPT |
| | : | |
| v. | : | |
| | : | |
| STATE OF DELAWARE | : | JURY TRIAL DEMANDED |
| DEPARTMENT OF CORRECTION, | : | |
| | : | |
| Defendant. | : | |

**RESPONSE TO FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF**

**I. GENERAL OBJECTIONS**

Plaintiff makes the following objections at the outset so as not to require unnecessary repetition of these same objections in response to each interrogatory. Each of the responses herein is made subject to and incorporates the following objections: Plaintiff objects to Defendant's First Set of Interrogatories to the extent they seek the disclosure of privileged attorney-client communications. To the extent that Defendant's interrogatories can be construed to seek privileged information or documents, Plaintiff objects and will provide only non-privileged information responses and documents.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent they seek information, documents, or responses protected by the attorney work-product doctrine. To the extent that Defendant's interrogatories can be construed to seek privileged information, Plaintiff objects and will provide only non-privileged information and responses. Plaintiff objects to Defendant's First Set of Interrogatories to the extent they seek information, documents, or responses protected by the investigative and party

communication privileges. To the extent that Defendant's interrogatories can be construed to seek privileged information or documents, Plaintiff objects and will provide only non-privileged information, responses, and documents.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent they seek information, documents, or responses relating to matters that are not raised in the pleadings on the grounds that they are not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent they seek information or documents which are protected from disclosure under Delaware or federal law.

Plaintiff objects to Defendant's First Set of Interrogatories to the extent they seek information or documents relating to an expert retained for the purpose of consultation and not for the purpose of testifying where such consulting expert's opinion or impressions have not been reviewed by a testifying expert on the ground that such requests are overly broad, invade the attorney-client privilege, the attorney work product doctrine, and the investigative privileges.

Plaintiff objects to the "Instructions" contained in Defendant's First Set of Interrogatories to the extent they seek to expand or modify the breadth and scope of the Federal Rules of Civil Procedure or to seek to increase Plaintiff's duties under those Rules.

Plaintiff objects to the requests for names, addresses, and telephone numbers of

persons whose names, addresses, and/or telephone numbers can be ascertained with greater ease and less expense by Defendant. To the extent Plaintiff has readily available information that may be disclosed regarding addresses and phone numbers that information will be provided. Plaintiff further objects to the requests for addresses and telephone numbers to the extent that such information is not presently in the possession of Plaintiff, and the burden of obtaining the information is essentially equal upon Plaintiff and Defendant.

Plaintiff reserves the right to supplement or amend these objections and responses upon, among other things: further investigation; discovery of additional facts; discovery of persons with knowledge of relevant information; developments in this action or any other proceedings; and the rebuttal of any of Defendant's evidence in this action.

Plaintiff objects to the interrogatories to the extent that they seek information that is not within Plaintiff's possession, custody, or control and/or is uniquely within the knowledge of Defendant in this lawsuit, or other third parties with knowledge relevant to this litigation.

By responding to any interrogatory or providing any information herewith, Plaintiff does not waive and expressly preserves the objections set forth herein and does not concede the relevancy or admissibility of the response.

Plaintiff incorporates each general objection in its response to each individual interrogatory and Plaintiffs will respond specifically to the interrogatories, as Plaintiff understands the terms used therein.

Plaintiff objects to all interrogatories to the extent that they call for an expression of opinion or a contention that relates to fact, or to the application of law to fact, before Plaintiff has had the opportunity to complete discovery and to the extent that any interrogatory seeks information, documentary, or testimonial, that Defendant has thus far failed or refused to produce or that Plaintiff has not yet had access to as a result of mutual scheduling difficulties. Plaintiff therefore reserves all rights to supplement these responses when its actually receives access to this discovery.

## INTERROGATORIES

1. Identify by name, address, and telephone number all persons with knowledge of the facts as to each allegation as set out in your most recent complaint and identify those persons that have been interviewed on your behalf and as to the interview, state: the date, the location, the subject matter and any documents discussed, identified or provided by that person.

**Answer:** Plaintiff objects to this Interrogatory on the grounds that it is over broad, unduly burdensome. Subject to and without waiving this objection, Plaintiff states as follows:

The following are current employees of the Delaware Department of Correction and Defendant has knowledge as to their contact information.

1. Commissioner Stanley Taylor: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

2. Warden Kearney: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

3. Warden Bianco: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

4. Deputy Warden Deloy: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

5. Officer Kirk Clay: Has knowledge of the events that led to the sexual harassment and discrimination against the Plaintiff.

6. Officer Greg Smith: Has knowledge of the events that led to the sexual harassment and discrimination against the Plaintiff.

7. Officer Mike Shockley: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

8. Officer Alvin Hudson: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

9. Lt. Guy Fowler: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

10. Helen Moore, DOC Counselor: Has knowledge of the events that led to the sexual harassment and discrimination against the Plaintiff.

11. Sandra Nesbit, DOC Counselor: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

12. Officer Lenny Whitman: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

13. Officer James Henry: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

14. Captain Gerry Flaherty: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

15. Captain Brittingham (first name not known): Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

16. Captain Truitt: (first name not known): Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

17. Staff Lieutenant Johnson: (first name not known): Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

18. Lieutenant Fisher: (first name not known): Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

19. Lieutenant Beckett: (first name not known): Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

20. Lieutenant Atallian: (first name not known): Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

21. Sergeant Rick Van Heckle: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

22. Sergeant Jeff Rogers: (first name not known): Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

23. Officer Janice Sneed: Has knowledge in the events that led to the sexual harassment and discrimination against the Plaintiff.

24. Officer Bryan Andrews: Has knowledge in the events that led to the sexual harassment and discrimination against the Plaintiff.

25. Officer Kirk Clay: Has knowledge in the events that led to the sexual harassment and discrimination against the Plaintiff.

26. Officer Ron Brzezicki: Has knowledge in the events that led to the sexual harassment and discrimination against the Plaintiff.

27. Officer Donna Short: Has knowledge in the events that led to the sexual harassment and discrimination against the Plaintiff.

28. Officer Deine Bes: Has knowledge in the events that led to the sexual harassment and discrimination against the Plaintiff.

29. Officer Wendy Phillips: Has knowledge and participated in the events that led to the sexual harassment and discrimination against the Plaintiff.

30. Officer Billy Edwards, friend of Plaintiff, 302-856-5280, has knowledge in the events that led to the sexual harassment and discrimination against the Plaintiff.

In addition:

31. John Ryan, Union Representative, 302-422-6180/302-856-5280: Has knowledge of the events that led to the sexual harassment and discrimination against the Plaintiff.

32. Dr. Eileen Davis, 25 Bridgeville Road, Georgetown, Delaware: has knowledge as to the emotional distress and hostile work environment suffered by Plaintiff.

33. Julie Warnick, LCSW, CADC, Children & Families First, 410- South Bedford St., Georgetown, DE. (302) 856-2388: has knowledge as to the emotional distress and hostile work environment suffered by Plaintiff.

Plaintiff's response is made without benefit of full discovery and Plaintiff reserves the right to amend its responses to add witnesses.

2. Identify each and all documents or other items of evidence that you intend to use in this lawsuit, for any purpose, including, but not limited to cross-examination, during any pretrial or trial proceedings.

**Answer:** Plaintiff objects to this Interrogatory on the grounds that it is over broad, unduly burdensome. Subject to and without waiving this objection, Plaintiff states as follows:

34. 1/26/2001 Delaware Department of Correction Record of Training

35. 7/02/2001 Grading Performance Sheet

36. 7/02/2001 Grading Performance Sheet signed by Sgt. Brian King

37. 7/24/2001 Grading Performance Sheet signed by Sgt. Divergilis

38. 7/25/2001 Grading Performance Sheet signed by Capt. Joseph Balenger

39. 7/31/2001 Grading Performance Sheet and letter signed by Sgt. George Coventry

40. 2/05/2003 Email from Officer Leonard Whitman to Plaintiff

41. 2/06/2003 Email from Officer Leonard Whitman to Plaintiff

42. 3/26/2003 Letter of Appreciation from Warden Kearney to Plaintiff

43. 4/08/2003 Memorandum on State Policy on Sexual Harassment from Stan Taylor

44. 6/09/2003 Memorandum on Acceptable Use Policy for DOC

45. 11/02/2003 Email from Plaintiff to Warden Kearney

46. 2/11/2004 Memorandum concerning Complaint of Plaintiff

47. 2/17/2004 Email from Plaintiff to Warden Kearney

48. 2/23/2004 Email from Plaintiff to Warden Kearney

49. Undated Email from Plaintiff to Warden Kearney

50. 3/25/2005 Email from Plaintiff to Warden Bianco

51. 4/15/2005 Email from Plaintiff to Warden Bianco, Captain Wilson, and Lt. Smith

52. 4/18/2005 and 4/19/2005 Email between Warden Vince Bianco and Plaintiff

53. 5/09/05 and 05/23/2005 Email to Warden Vince Bianco from Plaintiff

54. 5/17/2005 DOC Return to Work Sheet

55. 6/20/2005 Email to Warden Vince Bianco from Plaintiff

56. 12/30/2004 Department of Labor (DOL) Final Determination and Right to Sue Notice

57. Undated DOL Charge of Discrimination

58. 8/15/2005 EEOC adoption of DOL findings

59. Plaintiff's attorney is also in possession of pornographic materials including copies of website allegedly to have featured Plaintiff.

Plaintiff's response is made without benefit of full discovery and Plaintiff reserves the right to amend its responses.

3. For each allegation you are presenting in this matter, state with particularity and specificity the complete factual basis for each allegation and identify all persons having knowledge as well as each and all documents or other items of evidence in your possession that relate to each claim.

**Answer:** Plaintiff objects to this Interrogatory on the grounds that it is over broad, unduly burdensome. Subject to and without waiving this objection, Plaintiff states as follows:

1. See Plaintiff's Complaint.

Plaintiff's response is made without the benefit of full discovery and Plaintiff reserves the right to amend its responses.

4. Identify in chronological order all health care providers (e.g. doctors, dentists, physicians, surgeons, therapists, etc.) that have treated or examined you in the last 10 years and provide the dates of service or treatment, the nature of any treatment of examination and the result of each treatment or examination.

**Answer:** Plaintiff objects to this Interrogatory on the grounds that it is over broad, unduly burdensome. Subject to and without waiving this objection, Plaintiff states as follows:

1. Plaintiff is in the process of identifying in chronological order all health care providers (e.g. doctors, dentists, physicians, surgeons, therapists, etc.) that have treated or examined you in the last 10 years and provide the dates of service or treatment, the nature of any treatment of examination and the result of each treatment or examination and will

supplement this answer in the short future. With that being said, the following health care providers have treated the Plaintiff:

a. Dr. Eileen Davis- family physician

b. Julie Warner, LCSW- therapist

c. Dr. Borer- psychiatrist

d. Dr. Ramani

e. Dr. Albert French (OBGYN)

Plaintiff's response is made without the benefit of full discovery and Plaintiff reserves the right to amend its responses.

5. State and identify by names of parties, court or administrative body and case number all lawsuits or legal proceedings, at law or equity, of any nature in which you were a party and the disposition of that matter.

**Answer:** Plaintiff objects to this Interrogatory on the grounds that it is over broad, unduly burdensome. Subject to and without waiving this objection, Plaintiff states as follows:

a. 2001: Divorce from former spouse in Sussex County Family Court

b. 1999: Divorce from former spouse in Sussex County Family Court

c. 1997: Filed Chapter 13 bankruptcy

d. 1994: Custody petition in Sussex County Family Court

e. 1995: Car accident/ Personal Injury

Plaintiff's response is made without the benefit of full discovery and Plaintiff reserves the right to amend its responses.

6. Identify by name, address, phone number, location, date and persons present, all individuals that have been interviewed by you in connection with this matter and whether any

documents or memorandum were prepared relating to that interview.

**Answer:** Plaintiff objects to this Interrogatory on the grounds that it is over broad, unduly burdensome. Subject to and without waiving this objection, Plaintiff states as follows: None. Plaintiff's response is made without the benefit of full discovery and Plaintiff reserves the right to amend its responses.

7. Identify each and all photographs, videotapes, audio tapes or any other form of recording media that relate to this matter, and state the time, date, and location and manner that such were made as well as the names of all individuals that have the originals or copies.

**Answer:** Plaintiff objects to this Interrogatory on the grounds that it is over broad, unduly burdensome. Subject to and without waiving this objection, Plaintiff states as follows:

Plaintiff's attorney is also in possession of pornographic materials including copies of website allegedly to have featured Plaintiff that is the subject of this litigation. Plaintiff's response is made without the benefit of full discovery and Plaintiff reserves the right to amend its responses.

8. State and describe by amount and source all funds provided to you for the last 10 years and include the dates you first starting receiving such funds and the reasons the funds are provided to you.

**Answer:** Plaintiff objects to this Interrogatory on the grounds that it is over broad, unduly burdensome. Subject to and without waiving this objection, Plaintiff states as follows: From December 2005 to January 2006, Plaintiff has at times received financial assistance from Catholic Charities for heating. In addition, Plaintiff received compensation from the Victim's Compensation Board in regard to the rape of her daughter.

Plaintiff's response is made without the benefit of full discovery and Plaintiff reserves the right

to amend its responses.

    9.    State and describe any efforts in chronological order that you have undertaken to seek or gain employment, self-employment or different employment other source of remuneration since 2002.

**Response:** Plaintiff objects to this Interrogatory on the grounds that it is over broad, unduly burdensome. Subject to and without waiving this objection, Plaintiff states as follows: Plaintiff has placed applications to various State of Delaware Agencies for the following positions:

    a. Youth Counselor

    b. Case Manager

    c. Physical Therapy Assistant

Plaintiff's response is made without the benefit of full discovery and Plaintiff reserves the right to amend its responses.

    10.    Regarding your employment history, list in chronological order the names of all your employers, location of the job, position or duties of position and inclusive periods of such employment to the present time.

**Answer:** Plaintiff objects to this Interrogatory on the grounds that it is over broad, unduly burdensome. Subject to and without waiving this objection, Plaintiff states as follows:

November 2000 – Present: Correctional Officer, State of Delaware Department of Correction, Morris Community Correctional Center

Employee Development Center
McKee Road
Dove, DE 19904

Sussex Correctional Institution
Highway 113

Georgetown, DE 19947

May 1, 2000 – November 29, 2000
Custodial Worker
Stockley Center
C/R 318
Georgetown, DE 19947

May 1, 2000 – November 29, 2000
Private Nursing Assistant and Caretaker
RE: Elise Wix
218 Shawnee Road
Milford, DE 1996.

January 1999 – November 18, 1999
Private Nursing Assistant and Caretaker
RE: Jennifer Shaner
7255 Carpenter Bridge Road
Frederica, DE 19946

July 1996 – December 1997
P.S. Cleaners
Cleaner
410 Clayton Street
Dagsboro, DE 19939

May 1994 – July 1996
Visiting Nurses Association
One Reads Way, Suite 100
New Castle Cooperative
Commons VA
New Castle, DE 19970

Plaintiff's response is made without the benefit of full discovery and Plaintiff reserves the right to amend its responses.

11. List in chronological order all of your formal education. Please include the name and address of each educational institution or school, the dates of your attendance and the degree(s) awarded.

**Answer:** Plaintiff objects to this Interrogatory on the grounds that it is over broad, unduly

burdensome. Subject to and without waiving this objection, Plaintiff states as follows:

January 1998 to Present
Delaware Technical Community College
Expected: Associates Degree in Criminal Justice (2006)

    Plaintiff's response is made without the benefit of full discovery and Plaintiff reserves the right to amend its responses.

                                          YOUNG, MALMBERG & HOWARD, P.A.

Dated: March 3, 2006

                                          Ronald G. Poliquin, Esquire
                                          I.D. No. 4447
                                          30 The Green
                                          Dover, Delaware 19901
                                          (302) 672-5600
                                          *Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREN BRANDEWIE, | : | |
| | : | |
| Plaintiff, | : | C.A. No.: 05-625-MPT |
| | : | |
| v. | : | |
| | : | |
| STATE OF DELAWARE | : | JURY TRIAL DEMANDED |
| DEPARTMENT OF CORRECTION, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

This shall certify that on this 3rd day of March, 2006, I caused one (1) copy of the foregoing Response to First Set of Interrogatories Directed To Plaintiff to be served by United States Mail, postage pre-paid upon:

Marc P. Niedzielski
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

                                            YOUNG, MALMBERG & HOWARD, P.A.

                                            Ronald G. Poliquin, Esquire
                                            I.D. No. 4447
                                            30 The Green
                                            Dover, DE 19901
                                            *Attorney for Plaintiff*