IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREN BRANDEWIE, | : | |
| | : | |
| Plaintiff, | : | C.A. No.: 05-625-MPT |
| | : | |
| v. | : | |
| | : | |
| STATE OF DELAWARE | : | JURY TRIAL DEMANDED |
| DEPARTMENT OF CORRECTION, | : | |
| | : | |
| Defendant. | : | |

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUEST FOR DOCUMENTS

Plaintiff, by and through her attorney, Ronald G. Poliquin, Esquire of Young, Malmberg and Howard, P.A. and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendant's Request for Documents as follows:

PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and these objections to Defendant's requests for production, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

3. Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the Plaintiff, as set forth in the Federal Rules of Civil Procedure.

4. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

### GENERAL OBJECTIONS

6. Plaintiff objects to each definition and request to the extent that it requires the plaintiff to produce information or documents from persons over whom plaintiff has no control.

7. Plaintiff objects to each definition and request to the extent that it seeks disclosure of privileged communications, attorney's work product, or trial preparation material.

8. Plaintiff objects to each definition and request to the extent that it is vexatious or seeks information irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to each definition and request to the extent that it seeks information which is unduly burdensome to obtain and the extent that it is not reasonably calculated to lead to the discovery of admissible evidence, including the request for the identification of "all" documents or "each" and "every" document when all relevant facts can be obtained from fewer than "all" documents or "each" and "every" document.

10. Plaintiff objects to each definition and request to the extent that it is ambiguous, vague, or otherwise incomprehensible.

11. Plaintiff objects to each definition and request to the extent that it seeks a response which is duplicative of responses to one or more of defendants' other requests.

12. Plaintiff objects to each definition and request to the extent it seeks information beyond the scope of U.S District of Delaware Local Rules.

1.      **Any and all documents and tangible things referred to in plaintiff's complaints in this matter**

   Answer:

   Subject to and without waiver of the foregoing objections, Plaintiff has produced all documents identified in the Plaintiff's answers to the Defendant's First Set of Interrogatories as set forth and produced in Plaintiff's Rule 26(a)(1)(b) disclosures.

2. Produce any and all documents the identity of which is requested in Defendant's First Set of Interrogatories.

Answer:

Subject to and without waiver of the foregoing objections, Plaintiff has produced any and all documents the identity of which is requested in Defendant's First Set of Interrogatories as attached and in Plaintiff's Rule 26(a)(1)(b) disclosures.

3. Any and all reports, including drafts, by an expert retained by plaintiff in connection with this matter as well as his or her qualifications, and any documents supplied or reviewed by that individual.

Answer:

None.

4. Any and all videotapes, audiotapes, or photographs taken by you that refers or relates to any claim or defense in the present matter.

Answer:

None.

5. Any and all medical records or reports regarding the examination or treatment of plaintiff.

Answer:

Subject to and without waiver of the foregoing objections, Plaintiff has previously produced any and all medical records or reports regarding the examination or treatment of plaintiff. However, Plaintiff will supplement documents to fully respond to request as obtained.

6. Any and all documents or reports that supports any claim of Plaintiff for damages of any nature.

Answer:

Subject to and without waiver of the foregoing objections, Plaintiff has produced any and all current documents that support, reflect, or relate to any of the damages or other relief claimed by the Plaintiff against the Defendant.

7. Any and all applications for employment or self-employment for the last seven years.

Answer:

Subject to and without waiver of the foregoing objections, Plaintiff has produced any and all applications for employment or self-employment for the last seven years.

8. Any all federal and State tax returns for the last 7 years.

Answer:

Answer: Subject to and without waiver of the foregoing objections, Plaintiff will supplement production upon receipt of complete federal, state, and local tax returns, with accompanying attachments, filed by Plaintiff for the last seven years.

YOUNG, MALMBERG & HOWARD, P.A.

_____
Ronald G. Poliquin, Esquire
I.D. No. 4447
30 The Green
Dover, DE 19901
302-672-5600

DATED: March 3, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN BRANDEWIE, | : |
| | : |
| Plaintiff, | : C.A. No.: 05-625-MPT |
| | : |
| v. | : |
| | : |
| STATE OF DELAWARE | : JURY TRIAL DEMANDED |
| DEPARTMENT OF CORRECTION, | : |
| | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

This shall certify that on this 3rd day of March, 2006, I caused one (1) copy of the foregoing Plaintiff's Objections and Responses to Defendant's Request for Documents to be served by United States Mail, postage pre-paid upon:

Marc P. Niedzielski
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

YOUNG, MALMBERG & HOWARD, P.A.

Ronald G. Poliquin, Esquire
I.D. No. 4447
30 The Green
Dover, DE 19901
*Attorney for Plaintiff*

5