# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREN BRANDEWIE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-625-MPT |
| | : | |
| STATE OF DELAWARE | : | |
| DEPARTMENT OF CORRECTION, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT

## OF ITS MOTION FOR SUMMARY JUDGMENT

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Ralph K. Durstein, III (#912)
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
Attorneys for Defendant

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................3

**ARGUMENT I.**

DEFENDANT IS ENTITLED TO JUDGMENT IN ITS FAVOR AS PLAINTIFF DID NOT PROPERLY EXHAUST HER ADMINISTRATIVE REMEDIES AS REQUIRED TO COMMENCE A TITLE VII ACTION .................................................................................................4

**ARGUMENT II.**

DEFENDANT IS ENTITLED TO JUDGMENT AS CO-WORKER RUMORS ABOUT NON-EMPLOYMENT MATTERS THAT ARE NOT CAUSED BY THE EMPLOYER DO NOT STATE A TITLE VII ACTION AND IN ANY EVENT THE EMPLOYER EFFECTED PROMPT REMEDIAL ACTION TO ADDDRESS PLAINTIFF'S CONCERNS. ..........................................................................................................6

**ARGUMENT III.**

PLAINTIFF IS NOT ENTITLED TO ANY DAMAGES AFTER SHE WAS OFFERED ANY SIMILAR OPEN POSITION AT ANY LOCATION AND THE UNACCEPTED OFFER DEMONSTRATES THAT SUBJECTIVELY AND OBJECTIVELY SHE IS NOT IN A HOSTILE WORK ENVIRONMENT. ................................................................9

CONCLUSION ..................................................................................................................11

## **TABLE OF AUTHORITIES**

*Albemarle Paper Co. v. Moody,* 422 U.S. 405 (1975)..............................................5

*Birone v. Indian River School*, 145 F.3d 1329,
1998 WL 199791 (6th Cir. 1998)........................................................................7, 8

*Ford Motor Co. v. EEOC,* 458 U.S. 219 (1982) .....................................................9

*Harris v. Forklift Sys. Inc.*, 510 US 17 (1993) .......................................................10

*Jensen v. Potter,* 435 F.3d 444 (3d Cir.).................................................................6

*Jew v. University of Iowa*, 749 F.Supp. 946 (S.D.Iowa 1990) ................................8

*Knabe v. Boury*, 114 F.3d 407 (3d Cir 1997) .......................................................7, 8

*National Railroad Passenger Corporation v. Morgan*,
536 U.S. 101 (2002) ..............................................................................................5

*Spain v. Gallegos*, 26 F.3d 439 (3d 1994) .............................................................8

## **Other authorities**

42 U.S.C. § 2000e-5.................................................................................................5

Fed. R. Civ. P. 56...................................................................................................11

## **ARGUMENT I.**

DEFENDANT IS ENTITLED TO JUDGMENT IN ITS FAVOR AS PLAINTIFF DID NOT PROPERLY EXHAUST HER ADMINISTRATIVE REMEDIES AS REQUIRED TO COMMENCE A TITLE VII ACTION.

**(a)** **Introduction:**

In her Answering Brief[1] (erroneously entitled Plaintiff's Opening Brief in Opposition of Summary Judgment [D.I. #39]), plaintiff does not appear to dispute defendant's argument regarding the legal standard for summary judgment.

**(b)** **Failure to exhaust administrative remedies**

In response to defendant establishing that plaintiff did not properly exhaust her administrative remedies in a timely fashion, plaintiff claims a continuing violation theory and that one of the acts occurred within the 300 day period on her filing the Charge of Discrimination.

The problem with plaintiff's argument is that it ignores the nature of her claim. In the Charge of Discrimination that she filed on January 6, 2004, she claimed that the e-mail was the triggering event which is dated February 5, 2003, which is more than 300 days. (D.I. #31, Brandewie Dep. Ex. 1, Ex. 2; [D 0006]. Plaintiff does not dispute that the e-mail incident was dealt with promptly and successfully. (D.I. #30, Defendant's Opening Brief in the Statement of Facts at 6-7; D.I. #31, Brandewie Tr. p. 72, L.20-p. 73, L.10)

---

[1] Plaintiff filed and served her Answering Brief a week late and in violation of the Scheduling Order.

Plaintiff's claim is that the rumors regarding the internet site were not completely stopped by her employer.  However, she cannot complain about rumors and then wait almost a year to tell the Warden. *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 121 (2002), *citing, Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424 (1975)["[A] party may not be entitled to relief if its conduct of the cause has improperly and substantially prejudiced the other party"]  By waiting to complain, the investigation was prejudiced and any efforts to find the individual who started the rumor were futile.

It is undisputed that plaintiff received the e-mail that underlines her charge of discrimination on February 5, 2003 which is beyond the 300 day limit as to when she filed the January 6, 2004 charge of discrimination. It is clear that plaintiff's claim under Title VII, if any, accrued on February 5, 2003, when plaintiff received the offending e-mail if it is considered part of her hostile work claim.

Accordingly, the record is undisputed that plaintiff did not bring her discrimination charge to the EEOC within the required 300 days and she failed to properly exhaust the required administrative procedures under § 2000e-5.

Accordingly, defendant is entitled to judgment.

## ARGUMENT II.

DEFENDANT IS ENTITLED TO JUDGMENT AS CO-WORKER RUMORS ABOUT NON-EMPLOYMENT MATTERS THAT ARE NOT CAUSED BY THE EMPLOYER DO NOT STATE A TITLE VII ACTION AND IN ANY EVENT THE EMPLOYER EFFECTED PROMPT REMEDIAL ACTION TO ADDDRESS PLAINTIFF'S CONCERNS.

Plaintiff does not dispute that her employer took prompt action upon her complaint of November 3, 2004. She is suggesting that action should have been taken earlier due the knowledge of some of her supervisors i.e. captains and lieutenants at SCI. However, plaintiff's claim of strict liability is based on a significant legal mistake. Those captains and lieutenants are not supervisors for Title VII purposes. The record is undisputed that neither captains nor lieutenants[2] have the "authority to hire, fire, demote, promote, transfer or discipline an employee." (citations omitted) *Jensen v. Potter*, 435 F.3d 444, 453 n. 4 (3d Cir. 2006)

In the deposition of Warden Kearney, he was asked:

15   Q.  Let's ask you about -- you've had a lot of

16   questions about captains, lieutenants and others.  Do

17   captains, lieutenants or deputy wardens have the

18   authority to suspend an employee?

19       A.  No.

---

[2] In her deposition, the plaintiff testified that although she complained to two captains and two lieutenants, she did not ask them to do anything. (D.I. #31, Brandewie Tr. 53-54)

> 20    Q. Do they have the authority to promote an
>
> 21    employee?
>
> 22    A. No.
>
> 23    Q. Do they have the authority to fire an employee?
>
> 24    A. No.

> 1    Q. Do they have the authority to change the rate of
>
> 2    pay of an employee?
>
> 3    A. No.

(Kearney Tr. p. 57-58)

Based on the present record, there is no evidence to support a claim under strict liability, instead plaintiff's only possible claim is that her employer discriminated against her by not doing anything regarding her complaints of coworker harassment. However, plaintiff does not contend that her employer did nothing. The employer took prompt remedial steps to find out who was spreading the rumors, blocked the internet site, advised staff about proper computer use and transferred the plaintiff to two different work locations at her request. *Knabe v. Boury Corp.,* 114 F.3d 407, 412-13 (3$^d$ Cir. 1997) ["Even if not effective, an employer's remedial measure is nevertheless adequate if 'reasonably calculated' to end the harassment. (citations omitted)]

As stated in the Opening Brief, the simple truth is that employers do not have the ability to stop unwanted rumors. *Birone v. Indian River School*, 145 F.3d

1329, 1998 WL 199791 at 4, (6th Cir. 1998) citing to *Spain v. Gallegos*, 26 F.3d 439 (3d 1994). Plaintiff's delay in reporting the offending rumors for almost a year did not help. Accordingly, there is no Title VII claim as the idle gossip about non-employment matters that were neither started nor maintained by her employer.

Plaintiff's response at pages 18-20 in her Answering Brief seems to be responding to defendant's legal authorities as to whether a Title VII claim can be based on rumors not related to employment. Plaintiff contends that defendant misapplies the case of *Spain v. Gallegos*, 26 F.3d 439 (3rd Cir. 1994) and believes that the case of *Jew v. University of Iowa*, 749 F.Supp. 946 (S.D.Iowa 1990) is the appropriate legal standard. In fact, those cases establish that the sexual rumors in this case do not state a Title VII action. Unlike either *Spain* or *Jew,* no individual with agency authority benefited from the circulation of such rumors. In *Spain*, an individual with agency authority benefited from the rumors to hide his own improper borrowing of money from the plaintiff. Likewise in *Jew*, the Department Chair benefited from the continued rumors that he was having a sexual affair with the plaintiff. Accordingly, *Birone v. Indian River School*, *supra* is the proper legal standard in this matter and coworker rumors on non-employment matters do not state a Title VII claim.

Despite not stating a Title VII claim, the Warden took prompt remedial action once plaintiff complained to the Warden and asked for his help.

## ARGUMENT III.

PLAINTIFF IS NOT ENTITLED TO ANY DAMAGES AFTER SHE WAS OFFERED ANY SIMILAR OPEN POSITION AT ANY LOCATION AND THE UNACCEPTED OFFER DEMONSTRATE THAT SUBJECTIVELY AND OBJECTIVELY SHE IS NOT IN A HOSTILE WORK ENVIRONMENT.

In its Opening Brief, defendant established that plaintiff was offered, without condition, any open position at her present pay grade within the Department at any facility. (D.I. #33, Brandewie Ex. 3)

The primary objective of Title VII is to end employment discrimination through cooperation and voluntary compliance. *Ford Motor Co. v. EEOC,* 458 U.S. 219, 228 (1982). Accordingly, defendant's unconditional employment offer ends any potential Title VII liability of defendant beyond September 27, 2005. *Id.* at 241.

In the alternative, plaintiff's objective contentment with her present employment location[3], and her failure to accept the unconditional offer to any

---

[3] At page 94, Plaintiff testified that as to her present duties at MCC as follows:
```
3   Q.  Are you able to perform your job there?
4   A.  Yes, I am.
5   Q.  Do you do it well?
6   A.  Yes, I do.  And I ask for backup.
7   Q.  Do you think you do your job well?
8   A.  Yes, I do.
9   Q.  When you were working here [EDC], do you think you
10  did your job well?
11   A.  Yes, I did.
```

other location demonstrates that she is neither subjectively nor objectively subject to a hostile work environment. *See Harris v. Forklift Sys. Inc.*, 510 US 17 (1993).

## **CONCLUSION**

For the above reasons and those in the Opening Brief, the defendant is entitled to judgment pursuant to Rule 56.

        Respectfully submitted,

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE


        /s/ Marc P. Niedzielski
        Marc P. Niedzielski (#2616)
        Ralph K. Durstein, III (#912)
        Deputy Attorneys General
        820 N. French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8324
        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I certify that on October 16, 2006, I served electronically the attached Defendant's Reply Brief in Support of Summary Judgment on the following:

Ronald G. Poliquin, Esquire
Young, Malmberg & Howard
30 The Green
Dover, DE 19901
rpoliquin@youngmalmberg.com

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
marc.niedzielski@state.de.us