**EXHIBIT J**

**Defendant's motions in limine**

Pursuant to the Court's Final Pretrial and Trial Management Order, defendant seeks an order excluding the following evidence or argument:

1.   **Determination of Cause Evidence**

The Court should prclude any evidence or argument of the Delaware Department of Labor's ['DDOL"] determination as to plaintiff's charge of discrimination and the EEOC's incorporation of that determination.  In this Circuit, the decision to admit or not admit the DDOL's determination is left to the trial court's discretion. *Walton v. Eaton Corp.,* 563 F.2d 66, 75 (3rd Cir. 1977)(upholding trial court's refusal to admit portions of EEOC file in Title VII case).  In the present matter, the DDOL's decision was clearly biased base on the letters from the investigator.  There was simply was no investigation by the investigator, who it appears to have discussed the matter with plaintiff or her then attorney and simply ignored the information provided her by the Department Moreover, there was no explanation of all the efforts undertaken by the Department to remedy the rumors.

Finally, the DDOL's determination is irrelevant to the present matter which is a Title VII action.  The DDOL's determination was as to the State Law 19 *Del.C.* ch. 7.  The determination and right to sue notice advised plaintiff that she could proceed under State law by commencing an action in Superior Court within 90 days, she did not file suit in state court, and instead, choose to file suit in

i

federal court under Title VII thereby waving her rights under State law. The DDOL determination did not deal with Title VII at all and is irrelevant to these proceedings.

### 2.     Damages, Emotional Distress, and Medical expense evidence

Plaintiff should be prohibited from offering evidence or argument regarding any damages other then pure compensatory damages. Regarding future or front pay, plaintiff has never provided any evidence regarding such damages nor has plaintiff provided any expert support for emotional distress or medical expenses (or the calculation and support for the damages themselves). Plaintiff did not disclose any such information as required under initial discovery nor did she seasonally update the same as required. F.R.Civ.P. Rule 26(a)(1)(C).

Additionally, On September 27, 2005, plaintiff, through counsel, was offered any open position at her present pay grade within the Department at any facility. (Brandewie Ex. 3) Plaintiff's counsel responded on November 7, 2005, by inquiring as to current openings. (Brandewie Ex. 4.) Plaintiff's counsel was provided a memorandum from Alan Machtinger outlining the numerous employment positions available. (Brandewie Ex. 5) As set in defendant's Opening Brief for Summary Judgment at page 15, the primary objective of Title VII is to end employment discrimination through cooperation and voluntary compliance. *Ford Motor Co. v. EEOC,* 458 U.S. 219, 228 (1982). That laudable goal was possible in the present matter when on September 27, 2005, the defendant offered the plaintiff employment at any location for any open position at her pay grade.

ii

Plaintiff did not request another position and continued to be employed with defendant at the Morris Correctional Center in Dover until September 2006. Accordingly, defendant's unconditional employment offer ends any future damages under Title VII liability of defendant beyond September 27, 2005. *Id.* at 241.

### 3.  Retaliation Evidence

Plaintiff's complaint alleges in Count III asserts a claim of retaliation, but does not state the basis or any specifics.  In discovery, defendant interrogatory No. 3 requests the following:

> For each allegation you are presenting in this matter, state with particularity and specificity the complete factual basis for each allegation and identify all persons having knowledge as well as each and all documents or other items of evidence in your possession that relate to each claim.

The plaintiff's response, after objection, is "[s]ee Plaintiff's Complaint." Plaintiff has never provided a factual basis for a retaliation claim and should be prohibited from offering any such evidence.

### 4.  Evidence of injury to other employees or adverse media coverage

Plaintiff and counsel should be prohibited form testifying or suggesting other cases involving injury, trauma to other employees or any adverse media stories of the Department as they are irrelevant and highly prejudicial.

iii