# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

KAREN BRANDEWIE,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )          C.A. No. 05-625-MPT
                                    )
STATE OF DELAWARE,                  )
DEPARTMENT OF CORRECTION            )
                                    )
            Defendant.              )
                                    )

## PROPOSED JURY INSTRUCTIONS

YOUNG, MALMBERG & HOWARD
Ronald G. Poliquin (#4447)
30 The Green
Dover, DE 19901
(302) 672-5600
Attorney for Plaintiff

STATE OF DELAWARE
DEPARTMENT OF JUSTICE
Marc P. Niedzielski (#2616)
Carvel State Office Building
820 North French Street
Wilmington, DE  19801
Attorneys for Defendant

## Table of Contents

PRELIMINARY JURY INSTRUCTIONS ..........................................................................1

J-1.1 INTRODUCTION ...........................................................................................1

J-1.2 EVIDENCE DEFINED......................................................................................2

J-1.3 DIRECT AND CIRCUMSTANTIAL EVIDENCE ...................................................3

J-1.4 CONSIDERATION OF EVIDENCE ....................................................................4

J-1.5 STATEMENTS OF COUNSEL ..........................................................................4

J-1.6 CREDIBILITY OF WITNESSES .......................................................................5

J-1.8 NUMBER OF WITNESSES ..............................................................................6

J-1.9 BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE......................6

J-1.10 DELIBERATION AND VERDICT ....................................................................7

P-2.1 TITLE VII and DAMAGES INSTRUCTIONS.......................................................9

P-2.2 PUNITIVE DAMAGES—NO EGREGIOUS OR OUTRAGEOUS BEHAVIOR
          REQUIRED .............................................................................................21

D-2.1 ELEMENTS OF TITLE VII ACTION.................................................................23

D-2.2 HOSITLE OR ABUSIVE WORKPLACE ...........................................................26

J-4.1 JURY'S DELIBERATIONS..............................................................................29

J-4.2 CURATIVE INSTRUCTION.............................................................................29

Pursuant to Rule 51(a) of the Federal Rules of Civil Procedure, and Rule 51.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Plaintiff Elberta Bernice Lieberman and Defendants The State of Delaware and The Family Court of the State of Delaware (collectively "the Family Court") request that the Court give the following instructions to the jury in this matter:

**PRELIMINARY JURY INSTRUCTIONS**[1]

**J-1.1** [2] **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

---

[1]    The Preliminary Jury Instructions (Instructions 1.1-1.10) are taken from *Sample Preliminary Jury Instructions—Civil* that are available at http://www.ded.uscourts.gov/GMSmain.htm.

[2]    Pursuant to Local Rule 51.1(b), all instructions are labeled so as to indicate whether that instruction is submitted jointly or by the plaintiff or the defendants. Joint instructions are numbered with a "J" followed by the number. Plaintiff's proposed instructions are numbered with a "P" followed by the number. Defendants' proposed instructions are listed with a "D" followed by the number.

I will explain the positions of the parties and the law you will apply in this case. Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**J-1.2   EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked.  I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**J-1.3   DIRECT AND CIRCUMSTANTIAL EVIDENCE**

You have heard the terms direct and circumstantial evidence.

4

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, nor does it way that one is any better than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**J-1.4    CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**J-1.5    STATEMENTS OF COUNSEL**

A further word about statements and arguments of counsel.  The attorney's statements and arguments are not evidence.  Instead, their statements and arguments are intended to help you review the evidence presented.  If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the true or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

## J-1.6    CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the

testimony he or she gave at trial.  You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

## J-1.8   NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## J-1.9   BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case.  Plaintiff has the burden of providing his claims and damages by what is called a preponderance of the evidence.  Proof by a preponderance of the evidence means proof that something is more likely true than not.  It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses.  If the evidence as to a particular element or issue is evenly balanced, the party has not

proved the element by a preponderance of the evidence and you must find against that party.  In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt.  That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues.

**J-1.10 DELIBERATION AND VERDICT**

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans.  You are judges – judges of the facts, not me.  Your sole interest is to seek the truth from the evidence in that case.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.  You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence.  Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer.  The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages normally sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages.  Do not ever write down or tell anyone else how you stand on your votes.  For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be.  That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in favor of either party.  You must decide the case yourselves based on the evidence presented.

**(Plaintiff's) TITLE VII INSTRUCTIONS**

**P-2.1  NATURE OF CLAIM**

The plaintiff in this case is Karen Brandewie. The defendant in this case is the State of Delaware Department of Correction. This is a Title VII action brought by Karen Brandewie against her employer the Delaware Department of Correction.

Plaintiff asserts this action arises to remedy discrimination on the basis of sex and race in the terms, conditions, and privileges of Karen Brandewie's ("Plaintiff") employment as a Correction Officer for the State of Delaware constituting a hostile work environment and to remedy retaliation against the plaintiff for protected activity. Defendant contends that this may be a sexual hostile work claim under Title VII, if co-worker rumors can be the basis of a Title VII claim.  Nevertheless, defendant assets that it took prompt remedial efforts to remedy the situation and relocated the plaintiff twice to assignment of her choosing.

By your verdict, you will decide all disputed issues of fact. I have decided all questions of law that arose during the trial and will now instruct you on the law you must follow and apply in deciding your verdict. Because you are being called upon to decide the facts of this case, you should give careful attention to the testimony and exhibits presented for your consideration, bearing in mind how I have instructed you concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given his or her testimony.

You must consider each claim as to [i.e. hostile work environment and retaliation] separately and individually and not let your determination as to one claim affect or influence your decision as to the other claim.

LAW PROHIBITING DISCRIMINATION

Under Title VII of the Civil Rights Act, 42 U.S.C.A. §2000e-2(a), "It shall be an unlawful employment practice for an employer-- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." The Civil Rights Act is not intended as a vehicle for judicial review of employment decisions that are not the result of discrimination. Although the Civil Rights Act requires that an employer reach employment decisions without discriminating, it does not place an affirmative duty upon an employer to accord special treatment to an employee. An employer has the right to make business decisions, including selection decisions such as those at issue in this case, for good, bad, or no reason at all, as long as they don't constitute discrimination. The law does not expose an employer to liability merely because the

employer may have misjudged an employee's job performance or made a personnel decision that was unwise or ill-advised. It is not your function in this case to second-guess the wisdom of any

employment action which affected Karen Brandewie. Thus, even if you personally disagree with the actions that were taken or believe that they were harsh or unreasonable,

12

if you find that discrimination was not a motivating factor for the actions, then you must return a verdict in the defendant's favor.

## HOSTILE WORK ENVIRONMENT- SEXUAL

The plaintiff seeks damages against the defendant for both a sexually hostile work environment while employed by the defendant. In order to establish a sexually hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a sexual nature, sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature.

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

4. the plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

## HOSTILE WORK ENVIRONMENT- RACIAL

The plaintiff seeks damages against the defendant for a racially hostile work environment while employed by the defendant. In order to establish a racially hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature, sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature.

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a racially abusive or hostile work environment;

4. the plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a racially hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

DISCRIMINATORY INTENT

Proof of discriminatory intent is critical in this case. Discrimination is intentional if it is done voluntarily, deliberately, and willfully. Discriminatory intent may be proved either by direct evidence such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional discrimination in this case, you may

14

consider any statement made or act done or omitted by a person whose intent is in issue as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. In order to prevail on his claim, plaintiff must show that she was discriminated against and that her race and sex was a motivating factor in the discrimination.

Remember that the plaintiff must show only that race or sex was a motivating factor in the defendant's retaliation. She does not have to show that it was the only or even a major factor in the defendant's decision. If defendant has offered a non-discriminatory reason or reasons for its decisions and you believe that reason or reasons, then your verdict should be for the defendant. If, however, you do not believe that this reason or reasons were the real reason or reasons, you may find that plaintiff has proven his/her claim of intentional employment discrimination, particularly if you believe that the defendant's representatives involved did not put forth honestly the reason or reasons for their decision.

LAW PROHIBITING RETALIATION

Plaintiff has brought his/her claim under Title VII of the Civil Rights Act of 1964, which prohibits employers, like the Department of Correction, from taking retaliatory personnel actions against employees who have previously engaged in activity protected by Title VII, such as pursuing a complaint of employment discrimination. It is undisputed in this case that plaintiff engaged in protected activity when she filed her complaint of discrimination  so the only issue for you to decide is whether plaintiff was denied retaliated against as a result of that protected activity.

15

PROOF OF RETALIATION

It is up to you to decide whether plaintiff has proved his/her claim of retaliation by a preponderance of the evidence. It is plaintiff's burden to show that it is more likely so than not so that his/her engaging in protected activity was a substantial factor in the decision of the defendant to retaliate.

If you find that he/she has met that burden and that it is more likely so than not so that her [.pursuing a complaint of discrimination was a substantial factor in the decision of the defendant to retaliate against plaintiff, then your verdict should be for the plaintiff. If, on the other hand, you find that it is more likely so than not so that the explanation given by the defendant for was not a substantial factor in the decision it made, then your verdict should be for the defendant.

Alternatively, if you do not believe the given explanation was the real or full reason for the defendant's decision, you may find that plaintiff has proven her claim of retaliation, particularly if you believe that the defendants who testified did not put forth honestly the reason for their decision. You must determine whether the defendant has shown that it is more likely so than not so that the defendant would have made the same decision even if you find it more likely so than not so that retaliation was a substantial factor in the decision.

RIGHT TO MAKE BUSINESS DECISIONS

In this context, please bear in mind that an employer has the right to make business decisions for any reason, whether good or bad, so long as those decisions are not motivated by a factor that the law makes illegal, such as retaliation. It is not your function to second guess the decision the [defendant] made in this case, but solely to determine

whether in making that decision the [defendant] broke the law by permitting retaliation to be a substantial factor in its decision to [i.e. withdraw the job offer]. Thus, even if you personally disagree with that decision or think it harsh or unreasonable, you may not permit that feeling to influence in any way your determination of whether or not the [defendant] retaliated against [plaintiff] when it decided to [i.e. withdraw the job offer].

DAMAGES - DISCRIMINATION

I will now give you instruction about how to calculate damages. You should not consider the fact thatI am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of plaintiff on his claim against the defendant. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide. If you find for plaintiff on her claim that the defendant discriminated against him because of his/her [race, color, religion, sex, or national origin] then you must determine whether she is entitled to damages in an amount that is fair compensation. You may award compensatory damages only for injuries that the plaintiff proved were caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that there were caused by defendant's discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. Any award you

17

make should be fair in light of the evidence produced at trial. In determining the amount

of damages, you should be guided by dispassionate common sense. You must use sound

discretion in fixing an award of damages, drawing reasonable inferences from the facts in

evidence. You may not award damages based on sympathy, speculation, or guesswork.

On the other hand, the law does not require that the plaintiff prove the amount of his

losses with mathematical precision, but only with as much definiteness and accuracy as

circumstances permit. You may not consider the amount of lost wages or other benefits,

if any, claimed by the plaintiff in this case. Likewise, you may not consider the cost to

plaintiff of hiring an attorney. Those attorneys fees and lost wages are determined by the

Court, if necessary, and may not be included in your

damages award.

DAMAGES - RETALIATION

I will now give you instructions about how to calculate damages. You should not

consider the fact that I am giving you this instruction as suggesting any view of mine as

to which party is entitled to your verdict in this case, or that I think that you should award

any damages to plaintiff if you feel she is entitled to your verdict. Those decisions are

entirely for you to make. I am giving you these instructions solely for your guidance, in

the event that you find in favor of plaintiff on her claim against the defendant. The fact

that I do does not in any way mean that I think you should award any damages; that is

entirely for you to decide. If you find for plaintiff on her claim that the defendant

retaliated because she was pursuing a complaint of discrimination, then you must

determine whether she is entitled to damages in an amount that is fair compensation. You

may award compensatory damages only for injuries that the plaintiff proved were caused

18

by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that there were caused by defendant's retaliation.

STATEMENTS MADE IN THE WORKPLACE

A plaintiff under Title VII may prove discriminatory animus, either directly or indirectly, by offering evidence of remarks that are:

1. race-related;

2. proximate in time to the employment decision at issue;

3. made by an individual with authority over the employment decision at issue; and

4. related to the employment decision at issue.

-

Source of Instruction: Ray v. Tandem Computers, Inc., 63 F.3d 429, 434 (5th Cir. 1995).

Third: The Third Circuit determined that a remark from a non-decisionmaker was not necessarily "stray," since the individual participated in the challenged ranking procedure to such an extent that he did not fall outside the chain of decisionmakers who had the authority to hire and fire the plaintiff (the individual designed the ranking procedures and presented the results of the forced ranking). Moreover, the court stated that even if the individual's statement was a mere stray remark, it could constitute evidence of the atmosphere in which the forced ranking was carried out, and would therefore be relevant to the question whether the employer retaliated against the plaintiff after he filed

discrimination complaints. Woodson v. Scott Paper Co., 109 F.3d 913, 922 (3rd Cir.),

cert. denied, 118 S. Ct. 299 (1997).

## P-2.2 PUNITIVE DAMAGES—NO EGREGIOUS OR OUTRAGEOUS BEHAVIOR REQUIRED

If an employer has engaged in intentional discrimination and acted with malice or reckless indifference to the employee's federally protected rights under Title VII, then Plaintiff is entitled to recover punitive damages.

An award of punitive damages does not require showing egregious or outrageous discrimination or retaliation. The relevant inquiry is whether the employer knew or showed reckless disregard for whether its conduct was prohibited by Title VII. That is the federal law under which the lawsuit is brought. They have to either know what they were doing was wrong or not care. That is what is meant by reckless disregard.

The federal law under which Plaintiff brought suit is Title VII. Violation of that law does not warrant the imposition of punitive damages simply because the employer is aware that this law exists or that it prohibits discrimination and retaliation. For punitive damages you must show by a preponderance of the evidence that Defendant knew that its conduct violated the law or that they acted with reckless disregard for whether their conduct was unlawful.

If you find by a preponderance of the evidence that Defendant acted with malice or reckless indifference to Plaintiff's rights, then you may make an award of punitive damages.

Comments

Source of Instruction: Le v. University of Pennsylvania, 2001 U.S. Dist. LEXIS 10539 (E.D. Pa. 2001).When to Use: In charging the jury, the court specifically noted that egregious conduct was not required. Rather, the jury was told that Plaintiff was not entitled to punitive damages unless the employer acted with malice or reckless indifference to the employer's federally protected rights under Title VII. This language is consistent with the standard set forth in Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999).

**Defendant's Objection to P-2.2**

Defendant objects to the use of this instruction because there are no punitive damages awarded under 42 U.S.C. 1981a.

## D-2.1  Elements of a Title VII claim

Plaintiff Karen Brandewie claims that she was subjected to harassment by coworkers at the department of correction at the Sussex Correctional Institute and that this harassment the spending of rumors that she had a explicit sex site on the internet and was motivated by plaintiff's gender.

The Department of Correction would be liable for the actions of these coworkers in spending rumors which is plaintiff's claim of harassment if the plaintiff Karen Brandewie proves all of the following elements by a preponderance of the evidence:

First: Plaintiff was subjected to unfounded rumors of a sexual nature by coworkers.

Second: That the rumors were not welcomed by plaintiff.

Third: The coworkers' rumors of a sexual nature was motivated by the fact that plaintiff is a female.

Fourth: The conduct was so severe or pervasive that a reasonable person in plaintiff's position would find plaintiff's work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable female correctional officer's reaction to plaintiff's work environment.

Fifth: Plaintiff believed her work environment to be hostile or abusive as a result of coworkers spending of rumors of a sexual nature.

23

Sixth: Management level employees knew, or should have known, of the abusive conduct. Management level employees should have known of the abusive conduct if 1) an employee provided management level personnel with enough information to raise a probability of sexual harassment in the mind of a reasonable employer, or if 2) the harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

Management level employee means a person that is employed by the Department of Correction that has the authority or power to hire, fire, demoted or otherwise discipline another employee.  The fact that an employee is titled as a supervisor for purposes of their position, does not mean they are a management level employee unless that have the above described power or authority.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for defendant Department of Correction and you need not proceed further in considering this claim. If you find that the elements have been proved, then you must consider employer's affirmative defense. I will instruct you now on the elements of that affirmative defense.

You must find for defendant if you find that defendant has proved both of the following elements by a preponderance of the evidence:

First: Defendant exercised reasonable care to prevent harassment in the workplace on the basis of gender or sex, and also exercised reasonable care to promptly correct any harassing behavior that does occur even if the efforts were

24

not successful.

Second: Plaintiff Karen Brandewie unreasonably failed to take advantage of or unreasonably delayed any preventive or corrective opportunities provided by her employer the defendant.

Proof of the four following facts will be enough to establish the first element that I just referred to, concerning prevention and correction of harassment:

1 Defendant had established an explicit policy against harassment in the workplace on the basis of gender or sex.

2 That policy was fully communicated to its employees.

3 That policy provided a reasonable way for plaintiff to make a claim of harassment to higher management.

4 Reasonable steps, even if unsuccessful, were taken to correct the problem, if raised by plaintiff.

On the other hand, proof that plaintiff did not follow a reasonable complaint procedure or unreasonably delayed starting the procedure provided by defendant will ordinarily be enough to establish that plaintiff unreasonably failed to take advantage of a corrective opportunity and you should find for the defendant.

Generally from the Federal Jury Practice And Instructions, Model Civil Jury Instructions for the District Courts of the Third Circuit, Prepared by Committee on Model Civil Jury Instructions Third Circuit, Federal Claims Instructions, Chapter 5. Instructions for Employment Discrimination Claims under Title VII, **5.1.5 Elements of a Title VII Claim—Harassment (Discrimination or Retaliation)—Hostile Work Environment—No Tangible Employment Action.** Some additional points have been added from the 3rd Circuit case law found in Defendant's Opening and Reply Briefs for Summary Judgment

## D-2.2 Hostile or Abusive Work Environment

In determining whether a work environment is "hostile" you must look at all of the circumstances, which may include:

• The total physical environment of [plaintiff's] work area.

• The degree and type of language and insult that filled the environment before and after plaintiff arrived.

• The reasonable expectations of plaintiff upon entering the environment.

• The frequency of the offensive conduct.

• The severity of the conduct.

• The effect of the working environment on plaintiff's mental and emotional well-being.

• Whether the conduct was unwelcome, that is, conduct plaintiff regarded as unwanted or unpleasant.

• Whether the conduct was pervasive.

• Whether the conduct was directed toward plaintiff.

• Whether the conduct was physically threatening or humiliating.

• Whether the conduct was merely a tasteless remark.

• Whether the conduct unreasonably interfered with plaintiff's work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A

26

hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you must find that plaintiff was harassed because of her gender or sex The harassing conduct may, but need not be [sexual/racial, etc.] in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's gender or sex. The key question is whether plaintiff, as a female, was subjected to harsh employment conditions to which male employees were not.

It is important to understand that, in determining whether a hostile work environment existed at the at Sussex Correctional Institute you must consider the evidence from the perspective of a reasonable female correctional officer. That is, you must determine whether a reasonable reasonable female correctional officer would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable female correctional officer. The reasonable female correctional officer is simply one of normal sensitivity and emotional make-up.

From the Federal Jury Practice And Instructions, Model Civil Jury Instructions for the District Courts of the Third Circuit, Prepared by Committee on Model Civil Jury Instructions Third Circuit, Federal Claims Instructions, Chapter 5. Instructions for Employment Discrimination Claims under Title VII, **5.2.1 Title VII Definitions—Hostile or Abusive Work Environment**

### J-4.1  JURY'S DELIBERATIONS

How you conduct your deliberations is up to you.  But I would like to suggest that you discuss the issues fully, with each of you having a fair opportunity to express your views, before committing to a particular position.  You have a duty to consult with one another with an open mind and to deliberate with a view toward reaching a verdict.  Each of you should decide the case for yourself, but only after impartially considering the evidence with your fellow jurors.  You should not surrender your own opinion or defer to the opinions of your fellow jurors for the mere purpose of returning a verdict, but you should not hesitate to reexamine your own view and change your opinion if you are persuaded by another view.

Your verdict, whatever it is, must be unanimous.

### J-4.2  CURATIVE INSTRUCTION

I have read to you a long and lengthy set of instructions.  Although the instructions are somewhat complex, they are intended to be considered as an entire unit.  For that reason, you should not choose one or more parts of these instructions and attempt to give them greater weight than any other part.  You should try, to the extent that you are able, to follow the instructions as an entire body of law explained to you by the Court.  The fact that some particular point may be covered in these instructions more than another point should not be regarded as meaning that I intend to emphasize any point.  The Court is absolutely impartial in this case and it is not intended, and I do not now intend, to give emphasis to any point or to express an opinion in any way concerning the outcome of this case.

I have given instructions that refer to injuries which the plaintiff alleges she sustained and there have been instructions on the question of damages.

The fact that I have instructed you as to the proper measures of damages should not be considered as intimating any view of mine about whether or not the plaintiff is entitled to such damages.  Instructions as to the measure of damages are given for your guidance only in the event that you should find from a preponderance of the evidence in the case that plaintiff is entitled to such damages.

If you find from the evidence that plaintiff is not entitled to recover, then you will find for defendants and no damages will be awarded.  On the other hand, if you find for plaintiff, you will then give consideration to the evidence on the points of injuries and damages, if there have been any, and award such damages as may be reasonable and proper, giving careful and due consideration to all the evidence presented in this case.