## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREN BRANDEWIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-625-MPT |
| | ) | |
| STATE OF DELAWARE, | ) | |
| DEPARTMENT OF CORRECTION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to

Rule 16, Federal Rules of Civil Procedure.  The parties have previously consented to the

Magistrate-Judge serving as the judicial officer in this matter.

**Plaintiff's Counsel:**
Ronald G. Poliquin (No. 4447)
30 The Green
Dover, DE 19901
(302) 672-5600
**Defendants' Counsel:**
Marc P. Niedzielski (No. 2616)
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8324

## I.      Nature of the Case

This is a Title VII action brought by Karen Brandewie against her employer the

Delaware Department of Correction.

Plaintiff asserts this action arises to remedy discrimination on the basis of sex and

race in the terms, conditions, and privileges of Karen Brandewie ("Plaintiff") employment as a

Correction Officer for the State of Delaware and to remedy retaliation against the plaintiff for protected activity.

Defendant contends that this may be a sexual hostile work claim under Title VII, if co-worker rumors can be the basis of a Title VII claim. Nevertheless, defendant took prompt remedial efforts to remedy the situation and relocated the plaintiff twice to assignment of her choosing. Despite a discovery request (Defendant's Interrogatory No. 3), plaintiff has never identified the basis of a retaliation claim.

## II.    Jurisdiction

**Plaintiff:**    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1331, 1337, 1343, and 42 U.S.C. § 2000(e)-5 (f)(3). Venue lies in this judicial district since all acts alleged herein occurred within the District of Delaware.

**Defendant:**    For purposes of the record, defendant has asserted Eleventh Amendment immunity and a lack of subject matter jurisdiction pursuant to Article III, § 2, clause 2.

## III.    Undisputed Facts

The following facts are not disputed or have been agreed to or stipulated to by the parties:

1.    On November 30, 2000, plaintiff then known as Karen Atwell began Correctional Officer Training Academy as a Cadet with the Delaware Department of Correction. On January 27, 2001, plaintiff successfully completed training and was sworn in as a Correctional Officer and was transferred to the Delaware Correctional Center ["DCC"] at Smyrna, Delaware.

2.    On November 24, 2002, plaintiff requested and was selected for transfer to the Sussex Correctional Institute ["SCI"] in Georgetown, Delaware.

3.      On February 5, 2003, plaintiff received an e-mail from another Correctional Officer

that states:

> "I heard just before or during your marriage that you were sleeping with this black
> guy and when you told this guy you would leave your husband to live with this guy
> that he said he didn't want a relationship he just wanted to have sex with you and you
> got mad and slapped him.  Then I heard you were caught in a vehicle with this same
> black guy or some other black guy.  But anyway they told me the reason you
> wouldn't do anything with me or anyone else around here was because you liked
> black guys and not white guys even through you are married to one NOW."
> (Brandewie Ex.1)

Following her receipt of the February 5, 2003 e-mail, plaintiff showed the same to Deputy Warden

Mike DeLoy and requested that Whitman stop, but did not want the C.O. to get into any trouble.

(Brandewie Tr. 70, l.22 – P.73. l.10 )

4.      On July 20, 2003, plaintiff began sick leave under the FMLA for her daughter's mood

disorder and returned to work at SCI on August 5, 2003.  (Declaration of John Smart)

5.      On August 31, 2003, plaintiff's spouse, a Georgetown Police Officer was arrested for

allegedly molesting plaintiff's daughter. *Id.*

6.      On November 3, 2003, plaintiff sent an e-mail to Warden Rick Kearney that there are

rumors that she is feature in a "porn site" as a "white married female looking for black male with big

dick…" (Brandewie Ex. 2, D00003)

7.      On November 6, 2003, the Warden met with the plaintiff, a COAD representative and

another individual.  After interviewing plaintiff, Kearney sent a memo outlining the complaint, the

meeting and his initiation of an Internal Affairs ["IA"] inquiry into the matter. (Brandewie Ex. 2,

D00001-00002) Thereafter IA interviewed a number of correctional officers regarding accessing the

sites and from where the rumors first started.  During the investigation, the Department of

Technology and Information ["DTI"] was contacted and they blocked State access to the site.

Additionally, Lieutenants and Captains at SCI spoke to the staff to reiterate the State's Acceptable Computer Use Policy. (Brandewie Ex. 2, D00021-00025)

8.    On January 11, 2004, plaintiff began a period of leave. (Declaration of John Smart)

9.    On January 25, 2004, IA completed its investigation and concluded that some unknown Correctional Officers had in violation of the State's Computer Use policy access the Yahoo personal profile and that rumors had circulated that it was plaintiff that was depicted on the site. (Brandewie Ex. 2, D00021-00025)

10.    On February 25, 2004, plaintiff sent Human Resources of the Department a letter from her therapist diagnosing plaintiff as suffering from anxiety and recommending she temporarily work at another Department location.

11.    On February 26, 2004, plaintiff was assigned with her consent to the Employee Development Center ["EDC"] which is a non-custodial training and administration facility in Dover where she performed light duty clerical work.

12.    On March 1, 2004, plaintiff returned to work from leave at the EDC.

13.    On September 20, 2004, plaintiff was transferred, again at her therapist's recommendation, to a half-way house facility called the Morris Correctional Center ["MCC"] in Dover as a Correctional Officer.

14.    On August 5, 2005, plaintiff took medical leave for surgery.

15.    On September 22, 2005, plaintiff retuned to work from medical leave at MCC where she continued to work until September 2006.

## IV.    Remaining Issues of Law

Plaintiff:  None.

Defendant:

- 4 -

a.      Do non-work sexual rumors about an employee state a legal claim under Title VII?

b.      Should plaintiff be precluded from any remedy where she waited a long period before complaining about rumors?

## V.     Issues of Fact and Expected Proof

**For the plaintiff:**

a. Whether the hostile work environment continued because of the Defendant's inaction.

b. Whether the Defendant adequately responded after having either constructive knowledge or actual knowledge of the rumors.

c. Whether plaintiff suffered intentional discrimination because of her gender.

d. Whether plaintiff suffered intentional discrimination because of her race.

e. Whether plaintiff suffered a hostile work environment so severe and pervasive as to warrant gender and race discrimination.

f. Whether a reasonable female correction officer in a facility exclusively housing male inmate would have been detrimentally affected by the conduct plaintiff alleges.

g. Whether defendant should have taken action months earlier in response to plaintiff's complaints of harassment made to various captains and lieutenants.

h. Whether the length of time taken to block the website and the IA to conclude its investigation was timely.

i. Whether defendant's management-level employees knew or should have known of the purportedly hostile work environment to which plaintiff was subjected and the adequacy of defendant's remedial actions.

**For the Defendant:**

a.     Do non-work related rumors about any individual make a basis for a Title VII claims?

b.     Were the rumors severe and persistent?

c.     Would a reasonable person employment be adversely affected by such rumors?

d.     Did plaintiff promptly avail herself to any available remedies?

e.     Was defendant's response a reasonable attempt to remedy the matter?

**VI.    Witnesses** (Please note those who will testify by deposition.)

A.     List of witnesses the plaintiff expects to call, including experts:

1.     Please see Exhibit A to this Proposed Pre-Trial Order.

2.     Plaintiff's deposition designations for witnesses to be called by deposition are listed in Exhibit C to this Proposed Pre-Trial Order.  Defendant objects to the deposition designations made by the Plaintiff as the Plaintiff has not properly set out and/or they violate the provisions of Rule 32.  In addition, the Defendant objects to the Plaintiff calling any expert witness because the Plaintiff has failed to identify any experts in accordance with the scheduling order or Rule 26(a).

B.     List of witnesses defendant expects to call, including experts:

1.      Defendant incorporates all witnesses listed by plaintiff and as to its case-in-chief please see Exhibit B to this Proposed Pre-Trial Order.  Defendant reserves the right to call any witness for rebuttal.

2.     Defendant has offered no deposition designations.

C.     There are no third parties to the action.

D.     Each party will provide to the opposing party a list of witnesses that it intends to call to testify no later than 48 hours before the witness is expected to testify.

E.      Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

**VI.   Exhibits**

A.      Plaintiff's exhibits are listed in Exhibit E to this Proposed Pre-Trial Order.

B.      Defendants exhibits for its case-in-chief are listed in Exhibit G to this Proposed Pre-Trial Order. Defendant reserves the right to use any exhibit for rebuttal or cross-examination. Defendants' objections to plaintiff's exhibits are listed in Exhibit H to this Proposed Pre-Trial Order.

C.      Any exhibit identified in the exhibit list and not subject to an objection is deemed to be admissible and may be entered into evidence.

D.      Each party will provide to the opposing party a list of exhibits that it intends to use with each witness that it intends to call to testify no later than 48 hours before the witness is expected to testify.

**VII.  Discovery that needs to be completed**

None

**VIII. Damages.**

a.      Plaintiff will prove by a preponderance of the evidence that she was treated differently by Defendant because of her gender/race.

b.      Plaintiff will prove by a preponderance of the evidence that during the time Plaintiff was employed by Defendant, her supervisors and co-workers subjected her to an unwelcome sexual and racial hostile work environment which altered the terms and conditions of her employment.

- 7 -

    c.   Plaintiff will prove by a preponderance of the evidence defendant's harassment was sufficiently severe and pervasive to interfere with work performance or create a hostile or offensive working environment.

    d.   Plaintiff will prove by a preponderance of the evidence that Plaintiff's gender and race was a motivating factor in Defendant's decisions altering her work conditions.

    e.   Plaintiff will prove by a preponderance of the evidence these actions were conducted by her supervisors.

    f.   Plaintiff will prove by a preponderance of the evidence that Defendant knew or reasonably should have known of the harassment against Plaintiff and failed to take prompt remedial action.

    g.   Plaintiff will prove by a preponderance of the evidence that she suffered compensatory damages, damages for emotional distress, damages for pain and suffering, lost wages, fringe benefits, front pay, special damages, medical expenses as a result of Defendant illegal actions.

    h.   Plaintiff will also prove by preponderance of the evidence that an injunction permanently restraining these violations of Title VII and a directive that Defendant take such affirmative action is necessary to ensure that the effects of these unlawful employment practices are eliminated.

Defendant objects to any claim for damages as plaintiff was offered without condition any comparable position in the Department and did not avail herself of the offer.  See Argument III at p. 15 in Defendant Opening Brief for Summary Judgment citing *Ford Motor Co. v. EEOC,* 458 U.S. 219, 228 (1982)[D.I. 30].  Additionally, plaintiff has never responded in discovery as to either a basis for damages nor provided a calculation for any damages.

                                       

Plaintiff claims for emotional distress and medical expenses were not produced during discovery nor are they recoverable as they are claims under workers compensation. *Mears v. Gulfstream Aerospace Corp.*, 905 F.Supp. 1075 (S.D. Ga. 1995), *aff'd* 87 F.3d 1331, (11th Cir. 1996) (granting summary judgment in favor of employer, in part, because when an employer causes an employee's disability, it is a worker compensation claim, not a discrimination claim). Plaintiff has not identified any expert to provided a basis for such a claim.

Any request for injunctive relief is moot due to plaintiff's change in employment.

## IX.    Bifurcated Trial

The parties do not seek a bifurcated trial.

## X.    Trial Briefs

Plaintiff's motions *in limine* may be found at Exhibit I.

Defendant's motions *in limine* may be found in Exhibit J.

## XI.    Limitation, Reservations and Other Matters

A.    **Length of Trial**.  The case is set for a jury trial of five days.

Mark appropriate box:        Jury  _X_            Non-jury ____

B.    **Number of Jurors**.  There shall be six jurors and two alternate jurors.

C.    **Jury Voir Dire**.  The Court will conduct voir dire.  If voir dire questions are to be tendered, they should be submitted with the final pretrial order.

E.    **Other Matters**.  Parties will submit their requested voir dire and Verdict sheets three business before the pretrial conference.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown, otherwise, this order shall control the subsequent course of the action. Such modification may be made either on application of counsel for the parties or on motion of the Court.

Dated: _____, 2007

_____
United States Magistrate Judge

AGREED AS TO FORM AND SUBSTANCE

  /s/Ronald G. Poliquin_____
Ronald G. Poliquin (No. 4447)
30 The Green
Dover, DE 19901
(302) 672-5600
Attorney for Plaintiff

  /s/Marc P. Niedzielski_____
Marc P. Niedzielski (No. 2616)
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8324
Attorney for Defendant

WP3:920125.4
58697.1001